# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Kanasha Woods

On behalf of Herself and
all others similarly situated

      Plaintiffs,

v.

Ascension Health

      Defendant.

Case No: _____

# COMPLAINT

Plaintiff, by her attorneys, for her Complaint against Defendant states as follows:

1. This is an individual and collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiff, on behalf of herself and other current and former hourly non-exempt employees of Ascension Health to seek redress for Ascension Health's failure to pay them straight time and overtime wages required by law.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiffs' claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because in each instance the corresponding FLSA and Wisconsin law claims advanced by this Complaint are based on the same set of operative facts, so that the FLSA and Wisconsin law claims together form the same case or controversy.

4. This Court has personal jurisdiction over Ascension Health because it operates numerous hospitals and other healthcare operations within this District.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because all events that gave rise to the claims described by the Complaint occurred within this district.

THE PARTIES

6. Named Plaintiff is an adult resident of the State of Wisconsin. Named Plaintiff was employed by Ascension Health as Certified Nursing Assistant working at Ascension Living St. Francis Place. A copy of Named Plaintiff's opt-in consent form, which consented to become a party plaintiff against anyone who employed her at Ascension St. Francis Place, is being filed with the Court at the same time that this Complaint is being filed with the Court.

7. Defendant Ascension Health is a Missouri corporation that operates hospitals and other healthcare facilities in numerous states, including throughout Southeastern Wisconsin.

8. Ascension Health by virtue of its operations within Wisconsin is an employer within the meaning of Wis. Stat. §109.030). Ascension Health is an employer engaged in interstate commerce within the meaning of 29 U.S.C. §203 by, for example, providing services to patients from outside Wisconsin, by purchasing services, materials, and supplies from out-of-state vendors and service providers, by dealing with out-of-state insurance companies, and by receiving reimbursements for services provided from out-of-state sources. At all relevant times, Ascension Health has had annual gross volume of business at or above $500,000.

**FACTS**

9. In addition to her base rate of pay, Plaintiff received additional hourly pay at rates of between $1 and $1.50 per hour, for every hour worked during shifts that started during hours that Ascension Health defined as evening, night, and/or weekend hours.

10. Each form of additional compensation that Plaintiff received for working a shift during evening, night, and weekend hours was intended to compensate her for the inconvenience of working that shift during hours that are perceived to be undesirable; so that the entirety of such compensation is only additional pay for hours worked during that shift, and not for hours that Plaintiff worked during the remainder of her workweek.

11. Ascension Health correctly included the evening, night, and weekend differentials in computing Plaintiff's weekly regular rate of pay, given that Plaintiff received evening and night shift differentials for her first 8 hours worked on the day and her first 40 hours worked for the week; and the evening, night, and weekend differentials were paid at rates below 0.5 times both the minimum wage and Plaintiff's base hourly rate of pay.

12. For each overtime hour worked over 40 per week, Ascension Health paid to Plaintiff her base rate, plus any applicable evening, night, or weekend differentials, plus overtime premium pay equal to ½ of her regular rate of pay.

13. Ascension Health compensated Plaintiff based on a Sunday to Saturday workweek.

14. For the week of May 10 to 16, 2025, Plaintiff received 6.07 hours of overtime pay, for which she received her base rate, a night shift differential, and overtime pay equal to ½ of her weekly regular rate of pay.

15. Plaintiff's regular rate of pay for the week of May 10 to 16, 2025 was higher than the hourly compensation she received for her overtime hours worked that Ascension Health included in computing her regular rate. This was largely because Plaintiff's regular rate for the week included weekend differential pay for each hour she worked during a shift that started on Sunday May 10, 2025 and ended on Monday May 11, 2025.

16. Plaintiff received weekend differential pay for the shift of May 10 to 11, 2025 as added compensation for the inconvenience of working a shift that started on Sunday. The weekend differential pay therefore was not compensation for weekday shifts that Plaintiff worked later during the same workweek, including the 6.07 overtime hours that she later worked during the same workweek.

17. Plaintiff would have received more overtime pay for the 6.07 overtime hours that she was credited as having worked during the week of May 10 to 16, 2025, had Ascension Health computed her overtime pay as 1.5 times the weekly regular rate of pay for each overtime hour she worked.

18. Ascension Health used a uniform method to compute overtime pay for its hourly non-exempt Wisconsin employees, so that for each overtime hour worked employees received all wages earned by said overtime hour worked that Ascension Health included in computing their regular rate of pay, plus premium pay equal to ½ of the weekly regular rate of pay.

19. Ascension Health paid Plaintiff on a biweekly basis; with pay date being the first Friday following the end of the biweekly payroll period. For example, May 30, 2025 was the pay date for a biweekly pay period that ended on May 24, 2025.

20. By the following Friday following the end of the biweekly payroll period, Plaintiff did not receive any wages from Ascension Health for the first week that she worked at Ascension Health St. Francis Place.

21. During the first week that Plaintiff worked at Ascension Health St. Francis Place, she worked a total of five days.

22. Ascension Health belatedly paid Plaintiff all wages owed to her for three of the five days that she worked at Ascension Health St. Francis Place; but has never paid any wages

to Plaintiff for the other two days that she worked during the first week that she worked at Ascension Health St. Francis Place.

23. For each shift that Plaintiff worked that was long enough, Ascension Health automatically deducted 30 minutes from Plaintiff's hours worked.

24. Even though Plaintiff reported to managers and supervisors at Ascension Health St. Francis Place that she did not take a meal period during specific workdays, the managers and supervisors never investigated whether Plaintiff worked without taking meal periods, never instructed Plaintiff that she must take a meal period during her shifts, and never admonished or disciplined Plaintiff for not taking a meal period during her shifts.

25. Ascension Health continued to deduct 30 minutes from Plaintiff's hours worked for each shift that was long enough to qualify for an automatic deduction, even for the specific work shifts that Plaintiff reported she did not take a meal period during.

26. Plaintiff regularly received pay from Ascension Health for more than 40 hours per week, so that she would have received more overtime pay for hours worked over 40 per week, if Ascension Health did not deduct a meal period from her hours worked on days that she worked without taking a meal period.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other hourly non-exempt employees of Ascension Health who worked in Wisconsin, and whose regular rate of pay for the workweek was higher than the average total hourly wages that they received for their overtime hours worked that Ascension Health included in computing their regular rate of pay, so that they would have

5

received more overtime pay had Ascension Health computed it as 1.5 times their weekly regular rate of pay.

28. Plaintiff is similarly situated to members of her proposed collective because any compensation that collective members' check stubs show was paid for some rather than all of their hours worked during the week, just like the weekend differentials Plaintiff received for working the shift that began on May 10, 2025 and ending on May 11, 2025, cannot be equally allocated to all hours that collective members worked throughout the workweek.

29. Plaintiff is similarly situated to other collective members because she would have received more pay for her overtime hours worked during the week of May 10 to 16, 2025, had it been computed as 1.5 times her regular rate of pay.

## CLASS ALLEGATIONS

30. Plaintiffs seek to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly non-exempt employees employed by Ascension Health in Wisconsin who, during the time period on and after September 11, 2023, received total average hourly compensation for their hours worked over 40 per week, which Ascension Health included in computing their regular rate of pay, that was lower than the regular rate of pay they earned during the same workweek.

31. The proposed class is sufficiently numerous that joinder of all class members is impracticable. Ascension Health employs many thousands if not tens of thousands of hourly non-exempt employees in Wisconsin. Given the frequency that Ascension Health offers evening, night, and weekend differentials, along with other types of additional pay for only some of the hours worked by its hourly non-exempt employees during the week to cover its 24 hours per day, 7 days per week operations, there are at a minimum many hundreds if not thousands of members in the proposed class.

6

32. Commonality is satisfied because the Court can uniformly decide whether Wisconsin law permits an employer to presume that a portion of compensation paid to employees for their first 40 hours worked each week as instead compensation for their overtime hours worked; and whether Wisconsin law permits employers to use compensation that is paid to employees for their first 40 hours worked that are includable in the regular rate to offset overtime pay owed to the employee.

33. Plaintiff's claim is typical of the claims of members of each of the subclasses because she received total compensation for her overtime hours worked, which Ascension Health included in computing her regular rate of pay, that was lower than the regular rate of pay she earned during the same workweek. As a result, Plaintiff would have received more overtime pay had Ascension Health computed it as 1.5 times her regular rate of pay.

34. Plaintiffs will fairly and adequately protect the interests of the Rule 23 class in that she was victimized by the uniform manner that Ascension Health computed overtime pay for its Wisconsin hourly non-exempt employees, she has a financial incentive to obtain answers of "no" to each common question outlined in Paragraph 32 of the Complaint, her prosecution of this lawsuit will not harm the concrete interests of any other class members, her claim challenging Ascension Health's uniform manner of computing overtime pay for its hourly non-exempt employees will not be subject to any unique defenses, and she has retained counsel experienced in representing employees in complex wage and hour litigation.

35. Common questions of liability outlined in Paragraph 32 of the First Amended Complaint will predominate over questions of damages because the Plaintiffs are only challenging the manner that Ascension Health computed the rate of overtime pay for class members, so that

the Court can uniformly compute damages for class members by applying a uniform formula to Ascension Health's own records.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Ascension Health's uniform method of computing overtime pay denied to each class member the full amount of overtime wages to which they are entitled. The damages suffered by the individual class members are likely in the range of hundreds of dollars per year and are too small to generate a contingency fee that could justify bearing the risks of contingency fee litigation, so that the alternative to class wide litigation is no litigation at all, resulting in class members recovering none of the overtime wages that they are owed. Proceeding as a class action will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of Ascension Health' s pay practices.

**COUNT I. CLAIM FOR OVERTIME PAY UNDER THE FLSA**.

37. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 36 of the Complaint.

38. Section 207(a)(1) of the FLSA requires employers to compute overtime pay as time and a half the regular rate of pay for each overtime hour worked, rather than require employers to pay all straight time pay owed to the employee plus compute overtime pay as ½ of the regular rate for each of the overtime hours worked.

39. Therefore, when Plaintiff received pay for her overtime hours worked that equal less than time and a half her regular rate of pay for the same workweek, Ascension Health has violated Section 207(a)(1) of the FLSA unless some of Plaintiff's compensation for her first 40 hours worked either can count as compensation for her overtime hours worked, or can be credited towards time and a half overtime pay owed to her.

40. Determining the work hours that each amount of compensation can be allocated to requires examining the agreement between the employer and the employee, so that there is no basis to adopt an irrebuttable presumption that all compensation paid to the employee, which must be included in the regular rate, is always equally compensation for, and therefore can be equally allocated to all hours that the employee worked throughout the week.

41. Therefore, because Plaintiff received weekend, evening, and night differentials for the inconvenience of working specific shifts that started during hours that are perceived as undesirable, those differentials cannot count as compensation for other shifts that Plaintiff worked during the workweek, including her overtime hours worked. Therefore, no portion of the weekend differential Plaintiff received for working the shift that began on May 10, 2025 and ended on May 11, 2025 can count as compensation for her overtime hours worked later in the week.

42. Under Section 207(h)(2) of the FLSA, only premium pay that can be excluded from the regular rate pursuant to Sections 207(e)(5), 207(e)(6), and 207(e)(7) of the FLSA can be used to offset time and a half overtime pay owed to the employee required by Section 207(a)(1) of the FLSA. Compensation including weekend differentials that Plaintiff received for her first 40 hours worked, which Ascension Health included in computing her regular rate, therefore cannot be used to offset overtime pay owed to her.

43. Ascension Health therefore violated Section 207(a)(1) of the FLSA by computing Plaintiff's overtime pay as all compensation for her overtime hours worked included in computing her weekly regular rate plus ½ of the regular rate for each overtime hour worked, rather than as 1.5 times the regular rate for each overtime hour worked.

44. Ascension Health must pay all minimum wage and overtime pay owed to Plaintiff by the regular pay date for the Plaintiff's hours worked that earned such minimum wage and overtime pay.

45. Plaintiff therefore is entitled to recover all minimum wages and overtime pay owed to her for the two days that she worked during her first week of employment at Ascension Health St. Francis Place, for which she still has not received any wages.

46. Plaintiff is also entitled to recover liquidated damages on all minimum wages and overtime pay that Ascension Health belatedly paid to her for the other three days she worked during her first week of employment at Ascension Health St. Francis Place.

47. Even though Plaintiff informed managers and supervisors at Ascension Health St. Francis Place that she was working through her shift without taking a meal periods, Ascension Health through its managers and supervisors suffered or permitted Plaintiff to not take a meal period during her work shifts.

48. Ascension Health failed to provide Plaintiff with an effective method to report that she worked a shift without taking a meal period, because it deducted 0.5 hours from Plaintiff's hours worked even for shifts that she reported she worked through without taking a meal period.

49. Therefore, Ascension Health is not permitted to deduct 0.5 hours from Plaintiff's hours worked, for each shift that Plaintiff worked through without taking a meal period; so that Plaintiff is entitled to recover all additional overtime pay she would have received had the improperly deducted meal period time instead counted as her hours worked.

50. Because Ascension Health did not have reasonable grounds for believing that how it programmed its payroll software to compute overtime pay, along with its other

timekeeping and employee compensation policies at issue in this lawsuit complied with the FLSA, Plaintiff is entitled to liquidated damages on all additional overtime pay that she is seeking to recover through this lawsuit.

51. Because Ascension Health was fully aware of both how to compute the regular rate and its obligations to pay overtime pay to its employees for hours worked over 40 per week, yet failed to adequately investigate whether its timekeeping and overtime compensation policies and practices that are at issue in this lawsuit complied with the FLSA, collective and class members are entitled to application of a three-year statute of limitations for willful violations.

52. Plaintiff is additionally entitled to her reasonable attorneys' fees incurred in prosecuting this first cause of action.

**COUNT II. CLAIM FOR UNPAID WAGES UNDER WISCONSIN LAW**.

53. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 - 52 of the Complaint.

54. Wis. Stat. §103.02 and DWD §274.03 requires employers to compute overtime pay as 1.5 times the regular rate, rather than as 0.5 times the regular rate in addition to all promised straight-time pay that the employer is required to pay to its employees pursuant to Wis. Stat. §109.03(1) and (5).

55. Had employers been permitted to automatically assume all compensation paid to the employee, which must be included in the regular rate, can equally be allocated to all hours worked by the employee during the week, Wis. Stat. §103.02 and DWD §274.03 would have authorized employers to compute additional overtime pay owed to the employee as ½ of the regular rate for each overtime hour worked.

56. Therefore, no portion of additional compensation that Plaintiff received for her first 40 hours worked, which compensated her for the inconvenience of working evening, night, or weekend shifts, can count as compensation for her overtime hours worked.

57. Wisconsin law, just like the FLSA, does not permit employers to use compensation paid to the employee for the first 40 hours worked to offset time and a half overtime pay owed to the employee. Indeed, there is no provision equivalent to Section 207(h)(2) of the FLSA in Wisconsin's statutes and regulations.

58. Ascension Health therefore violated Wisconsin law by paying to Plaintiff overtime pay equal to the full compensation for her overtime hours worked that must be included in the regular rate plus an overtime premium equal to ½ of the regular rate for each overtime hour worked, which combined equaled to less than time and a half the regular rate Plaintiff earned during the same workweek.

59. Wis. Stat. §109.03(1) requires employers to pay all wages owed to employees within 31 days of when they were earned.

60. Plaintiff therefore is entitled to recover the full amount of straight time and overtime wages owed to her for the two days she worked during the first week that she worked at Ascension Health St. Francis Place, for which she still has not received any wages as of the date of the filing of this Complaint.

61. Ascension Health cannot deduct 0.5 hours from Plaintiff's hours worked for each day that she worked without taking a meal period under Wisconsin law, for the same reasons that it cannot deduct the 0.5 hours from Plaintiff's hours worked under the FLSA.

62. Because Wisconsin law requires the employer to pay employees at the regular rate for their first 40 hours worked each week, Plaintiff is entitled to full straight time pay for

each meal period that should not have been deducted from her hours worked, to have the additional straight time pay be included in computing her weekly regular rate, and to recover additional overtime compensation for all additional overtime hours worked once the meal periods that Ascension Health improperly deducted are counted as her hours worked.

63. By failing to pay to Plaintiffs all straight time and overtime wages required by Wisconsin law within 31 days of when the work was performed, Ascension Health violated Wis. Stat. §109.03(1), so that Plaintiffs may bring suit under Wis. Stat. 109.03(5) to recover all straight time and overtime wages owed to her, plus 50% of the unpaid wages as liquidated damages allowed by Wis. Stat. §109.11(2), plus her reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Wis. Stat. §109.03(6).

WHEREFORE, Plaintiff respectfully request the Court to enter an order that:

a. Finds that Ascension Health is liable to her for all minimum wage and overtime pay sought by the Complaint, plus an equal amount as liquidated damages, plus an additional amount of liquidated damages for minimum wages and overtime pay she belatedly received for her first week of employment;

b. Finds that Ascension Health is liable to her for all straight time pay and overtime pay she should have received under Wisconsin law, plus 50% liquidated damages;

c. Awards to collective members all additional overtime pay they should have received, had Ascension Health computed their overtime pay as 1.5 times the regular rate, plus an equal amount of liquidated damages;

d. Awards to class members all additional overtime pay they should have received, had Ascension Health computed their overtime pay as 1.5 times the regular rate, plus 50% liquidated damages;

  e. Awards to her reasonable attorneys' fees and costs incurred in maintaining and prosecuting this action on an individual, collective, and class basis; and

  f. Such other and further relief as the Court deems just and proper.

Dated this 11th day of September, 2025.

            /s/ Yingtao Ho
            Yingtao Ho
            Email: vh(&,previant.com
            Attorney for Plaintiffs
            The Previant Law Firm S.C.
            310 W. Wisconsin Avenue, Suite 100MW
            Milwaukee, WI 53203
            Telephone: 414-271-4500
            Fax: 414-271-6308