# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

KANASHA WOODS, on behalf
of herself and others similarly situated,

      Plaintiff,

  v.

                             **Case No. 25-CV-1394**

ASCENSION HEALTH,

      Defendant.

---

## DECISION AND ORDER

---

Kanasha Woods, on behalf of herself and others similarly situated, sues Ascension Health for violation of the Fair Labor Standards Act ("FLSA") and Wisconsin law. (Amended Compl., Docket # 11.) Woods alleges Ascension Health incorrectly computed her overtime pay ("Overtime Computation Claims") and failed to compensate her hours worked before 10:00 p.m. on overnight shifts ("Off the Clock Claims"). Ascension moves to dismiss Woods' amended complaint for failure to state a claim. (Docket # 14.) Woods moves to stay the proceedings pending the Seventh Circuit's decision in *Lutz v. Froedtert Health Inc.*, No. 23-CV-974, 2025 WL 2049206 (E.D. Wis. July 22, 2025), *amended on reconsideration in part*, No. 23-CV-974, 2025 WL 2804431 (E.D. Wis. Oct. 2, 2025). (Docket # 19.)

As an initial matter, Ascension filed a partial motion to dismiss Woods' original complaint on October 6, 2025. (Docket # 8.) Given the filing of Woods' amended complaint, Ascension's motion to dismiss Woods' original complaint is denied as moot.

In its motion to dismiss the amended complaint, Ascension argues that Woods' complaint should be dismissed because Ascension's method of calculating overtime pay

complies with the FLSA. (Docket # 15.) Ascension also moves to dismiss Woods' Off the Clock Claims that she is entitled to additional compensation for the days she started working before 10:00 p.m. (*Id.* at 2 n.1.) Ascension argues the individual Off the Clock Claims should be dismissed because they have not been pled as separate and distinct claims and they are "confusingly embedded" within the collective and class action allegations of Counts I and II. Ascension also moves to dismiss Counts III and IV of the amended complaint because Woods accepted Ascension's offer of partial judgment for these two claims.

Woods responded to Ascension's motion to dismiss (Docket # 16), and then separately moved for a stay pending the Seventh Circuit's decision in *Lutz* (Dockt # 19). Woods argues that the *Lutz* appeal will resolve the "identical issue" presented in this case of whether Ascension properly calculated overtime compensation.

District courts have the inherent authority to manage their dockets and stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether a stay is appropriate, courts often consider the following: "(1) whether the litigation is at an early stage . . . ; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

Ascension primarily argues that Woods' motion to stay should be stricken as an impermissible sur-reply. (Docket # 21.) Though I agree that Woods' motion should not have included arguments directed at Ascension's motion to dismiss, I find that a stay is appropriate.

2

Both parties agree that the *Lutz* decision answers the question presented in this case. Indeed, Ascension relies on the *Lutz* decision to show that Woods' method for overtime computation has already been rejected. (Docket # 15 at 11.) This litigation is also at an early stage and guidance from the Seventh Circuit would be dispositive of the identical issues in this case. Further, Ascension does not argue that it would be unduly prejudiced by a stay. In fact, the *Lutz* appeal will be the only decision that is binding on this Court. Though I am cognizant of the additional legal authorities Ascension urges the Court to consider for dismissal, those authorities are only of persuasive value. I will therefore deny Ascension's motion to dismiss (Docket # 14) without prejudice.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (Docket # 19) is **GRANTED**.

**IT IS ALSO ORDERED** that Defendant's Motion to Dismiss (Docket # 8) is **DENIED as moot**.

**FINALLY, IT IS ORDERED** that Defendant's Motion to Dismiss the Amended Complaint (Docket # 14) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin this 26th day of March, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

3